UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALICE BATTEE | CIVIL ACTION NO. 5:14CV3207 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE HAYES |

### MEMORANDUM ORDER

On November 6, 2014, *pro se* Plaintiff Alice Battee, proceeding *in forma pauperis*, filed the instant Complaint against the State of Louisiana, Sherri Smith Buffington, Caddo Parish Sheriff Steve Prator, Shreveport Police Internal Affairs, Veterans Affairs Dept., the Caddo Parish District Attorney, and the City of Shreveport.  [doc. #s 1, 6].  On December 22, 2014, Plaintiff filed a Motion to Serve and asked the Court to order the U.S. Marshal to serve a summons and a copy of the Complaint on each Defendant.  [doc. # 10].

Before addressing the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007); *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999). In making this determination, courts look to Federal Rule of Civil Procedure 8(a), which requires a complaint to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."  FED. R. CIV. P. 8(a).  If a court discovers that it lacks subject matter jurisdiction, it must raise the issue *sua sponte.  Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Here, although the civil cover sheet indicates that Plaintiff invokes subject matter jurisdiction by alleging claims pursuant to 42 U.S.C. § 1983, Plaintiff's Complaint makes no

mention of a federal question.[1] If Plaintiff seeks relief under federal law, she should allege the federal laws or statutes that entitle her to relief.

In addition, because Plaintiff proceeds *in forma pauperis*, her Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Here, Plaintiff vaguely alleges that certain unidentified individuals, the police, and several unidentified governmental departments harassed her. [doc. # 1]. She claims that she can elaborate, but she chooses "not to discuss at this time." *Id.* Upon review, and even liberally construing her Complaint with all possible deference due to a *pro se* litigant,[2] the Court cannot

---

[1] "[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citation omitted).

[2] *See Haines v. Kerner*, 404 U.S. 519, 596 (1972) (noting that a *pro se* litigant's allegations are held to less stringent standards than those drafted by attorneys).

discern any cognizable claim.[3] *See Twombly*, 550 U.S. at 555 (holding that Rule 8 requires a plaintiff to give a defendant fair notice of what the claim is and the grounds on which it rests). In other words, Plaintiff's insubstantial Complaint does not supply enough facts to state a claim that is plausible on its face.

Accordingly, Plaintiff is **ORDERED** to amend her Complaint within the next **seven (7) days** and remedy the deficiencies described above. If Plaintiff fails to comply, the undersigned will recommend dismissal.

In Chambers, at Monroe, Louisiana, this 2nd day of January, 2015.

_____
Karen L. Hayes
United States Magistrate Judge

---

[3] "[T]he scope of federal subject matter jurisdiction is broader than the existence of a cause of action." *Cervantez v. Bexar Cnty. Civil Serv. Com'n*, 99 F.3d 730, 733 (5th Cir. 1996). However, "federal question jurisdiction can be defeated in rare cases when the federal claim is clearly immaterial and is invoked solely for the purpose of obtaining jurisdiction or if the claim is wholly insubstantial and frivolous." *Id.; see also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (noting that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit.") (citation omitted). Here, consequently, even if Plaintiff invokes a federal question, the Court may still dismiss her Complaint due to lack of subject matter jurisdiction if the allegations therein are wholly insubstantial or are otherwise devoid of merit.