UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ALICE BATTEE | CIVIL ACTION NO. 5:14CV3207 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE OF LOUISIANA, ET AL | MAGISTRATE JUDGE HAYES |

<u>REPORT AND RECOMMENDATION</u>

On November 6, 2014, *pro se* Plaintiff Alice Battee, proceeding *in forma pauperis*, filed the instant Complaint against the State of Louisiana, Sherri Smith Buffington, Caddo Parish Sheriff Steve Prator, Shreveport Police Internal Affairs, Veterans Affairs Dept., the Caddo Parish District Attorney, and the City of Shreveport. [doc. #s 1, 6]. The matter has been referred to the undersigned for review, report and recommendation pursuant to 28 U.S.C. § 636(b) and the standing orders of the Court.

<u>Background</u>

In her initial Complaint, Plaintiff vaguely alleged that certain unidentified individuals, the police, and several unidentified governmental departments harassed her. [doc. # 1]. She claimed that she could elaborate, but she chose "not to discuss at this time." *Id*. On initial review, the undersigned found that the Complaint did not contain a short and plain statement of the Court's jurisdiction and did not state a plausible claim for relief. [doc. # 12]. Accordingly, the Court ordered Plaintiff to amend her Complaint, allege the federal laws that entitle her to relief, and supply enough facts to state a plausible claim. *Id*. The Court cautioned that failure to comply would result in dismissal. *Id*.

Plaintiff filed what purports to be an amended pleading on January 8, 2015. [doc. # 13]. It is difficult to decipher. Read liberally, Plaintiff now claims that on July 25, 2011, Senator

Buffington and other members of a "fake jury" intimidated her and that "ADA Jeff Thompson intentionally bumped into" her and followed her. *Id.* She also claims that on some unspecified date an unknown individual placed listening devices and "something smelly" on her property. *Id.* Further, she claims that the Pinecrest Mobile Home Park and two members of the Caddo Parish School Board insulted her, encouraged children to vandalize her property, and caused some of the strife in [her] community and across Shreveport." *Id.* Finally, she claims that she emailed her allegations to a nationally broadcast television talk show, "The View," and that one of the show's hosts, Whoopi Goldberg, responded to the email on air and stated that she was unaware that she was on a government watch list until she read Plaintiff's email. *Id.*

## Law and Analysis

When a plaintiff proceeds *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which provides in pertinent part: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a

reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In making this determination, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Here, even liberally construing the allegations with all deference due to a *pro se* litigant, the Court cannot discern a plausible claim for relief. Her Complaint is rambling, disjointed, and vague. Despite being afforded an opportunity to amend, Plaintiff fails to provide enough factual detail to support the elements of any cognizable cause of action. Instead, her pleadings include only unclear, unsupported, fanciful, delusional, and conclusory allegations. Thus, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

For the reasons above, it is recommended that Plaintiff's Complaint, [doc. #s 1, 13], be **DISMISSED WITH PREJUDICE** and that Plaintiff's pending Motion to Serve, [doc. # 10], be **DENIED as moot**.                                                                S

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), Plaintiff has **fourteen (14) days** from service of this Report and Recommendation to file specific, written

objections with the Clerk of Court. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 20th day of January, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE